IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:20-CR-108-KAC-HBG |
| | ) | |
| VINCENT WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial Date [Doc. 14], filed on February 16, 2021. The Defendant asks the Court to continue the March 1, 2021 trial date, because counsel needs additional time to confer with the Defendant on factual and legal issues. The Defendant also requests an extension of the plea deadline to allow defense counsel to discuss a potential resolution of the case with Government's counsel. The motion asserts that delays relating to the COVID-19 pandemic have slowed trial preparations in this case. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of June 22, 2021.

The Court finds Defendant Williams's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in

a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to confer with the Defendant on factual and legal matters. Counsel states that meetings with the Defendant and negotiations with the Government have been delayed by restrictions relating to the COVID-19 pandemic. If negotiations are not fruitful, defense counsel will need time to prepare the case for trial. These trial preparations cannot be concluded by March 1 or in less than four months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and plea deadline [**Doc. 14**] is **GRANTED**. The trial of this case is reset to **June 22, 2021**. The Court finds that all the time between the filing of the motion on February 16, 2021, and the new trial date of June 22, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial Date [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 22, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **February 16, 2021**, and the new trial date of **June 22, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 21, 2021**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **June 7, 2021, at 11:30 a.m.**

(6) The deadline for filing motions *in limine* is also **June 7, 2021**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **June 11, 2021**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge